**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
Mengni Sun, individually and on behalf of all other
Employees similarly situated,

                *Plaintiff(s)*,

-against-

LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA,
AILLEN NAIL & SPA INC d/b/a BAI LI NAIL,
Jane Doe a/k/a Lily Gao, John Doe and Jane Doe#1-10

                *Defendants*.
----------------------------------------------------------------X

Docket Number: 18-6609

**Collective Action Complaint**

Plaintiff Mengni Sun ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hui Chen & Associates, PLLC, hereby files their complaint against the Defendants LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA, AILLEN NAIL & SPA INC d/b/a BAI LI NAIL, Jane Doe a/k/a Lily Gao, John Doe and Jane Doe#1-10 (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2.      Upon  information  and  belief,  Defendants  have  willfully  and  intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) compensation for wages paid at less than the statutory minimum wage; (2) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law § 650 et seq. and the supporting New York State Department of Labor regulations; (3) liquidated damages equal to the sum of unpaid minimum wage, unpaid "Spread of Hours" premium; (4) up to Five Thousand Dollars ($5,000) per Plaintiff for Defendants' failure to provide wage notice at the time of hiring; (5) up to Five Thousand Dollars ($5,000) per Plaintiff for Defendants' failure to provide paystubs in violation of the New York Labor Law § 195.3; (6) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act; (7) 9% simple prejudgment interest provided by NYLL; (8) post-judgment interest; and (9) attorney's fees and costs.


**JURISDICTION AND VENUE**

5.      The Court has original federal question jurisdiction over this controversy under 29 U.S.C.

§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law

claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and

(c), because Defendants conduct business in this District, and the acts and omissions giving rise

to the claims herein alleged took place in this District.


**PLAINTIFFS**

7.      Plaintiff Mengni Sun is a resident of Queens County New York.

8.      From on or about June 1, 2016 to December 20, 2017, Plaintiff Mengni Sun was

employed as a nail salon technician by Defendant LI YA NAIL SPA INC. d/b/a LI YA NAIL

SPA, Jane Doe a/k/a Lily Gao and Jane Doe#1-10 at its principal place of business at 1800

Middle Country Road, Centereach, New York 11720.

9.      From on or about December 21, 2017 to March 20, 2018, Plaintiff Mengni Sun was

employed as a nail salon technician by Defendant AILLEN NAIL & SPA INC. d/b/a BAI LI

NAIL, John Doe and Jane Doe#1-10 at its principal place of business at 1800 Middle Country

Road, Centereach, New York 11720.


**CORPORATE DEFENDANT**

10.     Upon information and belief, Corporate Defendant, LI YA NAIL SPA INC. d/b/a. LI YA

NAIL SPA is a domestic business corporation organization and existing under the laws of the

State of New York and maintains its principal place of business at 1800 Middle Country Road, Centereach, New York 11720.

11.     Upon information and belief, at all times relevant hereto, LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA, is a business or enterprise engaged in interstate commerce employing more than eight (8) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

12.     Upon information and belief, at all relevant times hereto,  LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA has been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

13.     LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

14.     LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, § 190, and § 651.

15.     Upon information and belief, Corporate Defendant, AILLEN NAIL & SPA INC d/b/a BAI LI NAIL is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 1800 Middle Country Road, Centereach, New York 11720.

16.     Upon information and belief, at all times relevant hereto, AILLEN NAIL & SPA INC d/b/a  BAI LI NAIL is a business or enterprise engaged in interstate commerce employing more than eight (8) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

4

17.      Upon information and belief, at all relevant times hereto,  AILLEN NAIL & SPA INC d/b/a  BAI LI NAIL has been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

18.      AILLEN NAIL & SPA INC d/b/a  BAI LI NAIL constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

19.      AILLEN NAIL & SPA INC d/b/a  BAI LI NAIL has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, § 190, and § 651.

20.      Upon information and belief, Corporate Defendants LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA,  AILLEN NAIL & SPA INC d/b/a BAI LI NAIL are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC § 203(r) insofar as they do business under the same name, advertise the Corporate Defendants as an enterprise, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose, and are co-owned by the same partners.

## INDIVIDUAL DEFENDANTS

21.      Upon information and belief, Defendants Jane Doe a/k/a Lily Gao, John Doe and Jane Doe#1-10 are the owners, officers, directors, managing agents and/or majority shareholders of LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA at 1800 Middle Country Road, Centereach, New York 11720 and participated in its day-to-day operations, acted intentionally and maliciously, as an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated

thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with  LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA.

22.    Upon information and belief, Defendants Jane Doe a/k/a Lily Gao and Jane Doe#1-10 own the stock of LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA and manages and makes all business decisions including but not limited to: (1) hire and fire employees; (2) supervise and control employee work schedules or conditions of employment; (3) the amount of salary the employee will receive; (4) maintain employee records at LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA.

23.    Upon information and belief, Defendants John Doe and Jane Doe#1-10 are the owners, officers, directors, managing agents and/or majority shareholders of AILLEN NAIL & SPA INC d/b/a BAI LI NAIL at 1800 Middle Country Road, Centereach, New York 11720 and participated in its day-to-day operations, acted intentionally and maliciously, as an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with AILLEN NAIL & SPA INC d/b/a BAI LI NAIL.

24.    Upon information and belief, Defendants John Doe and Jane Doe#1-10 own the stock of AILLEN NAIL & SPA INC d/b/a BAI LI NAIL and manages and makes all business decisions including but not limited to: (1) hire and fire employees; (2) supervise and control employee work schedules or conditions of employment; (3) the amount of salary the employee will receive; (4) maintain employee records at LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA.

25.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by LI YA NAIL SPA INC. d/b/a. LI YA NAIL SPA and AILLEN NAIL & SPA INC d/b/a BAI LI NAIL.

26.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation, and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

27.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

28.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

29.     Defendants knew that the nonpayment of overtime pay, unpaid "Spread of Hours" premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

30.     From June 1, 2016 to December 20, 2017, Plaintiff Mengni Sun was hired by Defendant LI YA NAIL as a nail salon worker at LI YA NAIL SALON at 1800 Middle Country Road, Centereach, New York 11720.

31.     From June 1, 2016 to December 20, 2017, Plaintiff was paid a flat wage which ranges from $30 to $65 per day.  During this period the Plaintiff worked five days per week. On every work day, Plaintiff was required to take company shuttle to commute to work at 8:40 am and the company shuttle drops her off at home at 8:30 pm. Defendant LI YA NAIL and Lily Gao control Plaintiff's schedule to commute to and from work. Plaintiff worked approximately fifty-nine and

twenty (59.20) hours per week during this period, each week of her employment with defendants.

32.     From December 21, 2017 to March 20, 2018, Plaintiff was paid a flat wage of $75 per day.  During this period the Plaintiff worked five days per week. Defendants decide whether Plaintiff takes Tuesday and Sunday off, or takes Wednesday and Sunday off. On every work day, Plaintiff was required to take company shuttle to commute to work at 8:40 am and the company shuttle drops her off at home at 8:30 pm. Defendant AILLEN NAIL and Jane Doe control Plaintiff's schedule to commute to and from work. Plaintiff worked approximately fifty-nine and twenty (59.20) hours per week during this period, each week of her employment with defendants.

33.     Plaintiff's commute time to work is controlled by Defendants.

34.     Ms. Sun was paid in cash throughout her employment, and she received no pay stubs or wage statements with her pay.

35.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked, thus failed to keep full and accurate records of Plaintiff's hours and wages.

36.     Defendants' failure to pay plaintiff an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

37.     Plaintiff was not given any fixed breaks or meal time.

38.     Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

39.     Defendants failed to provide Ms. Sun with written notices providing the information required by the Wage Theft Prevention Act – including, inter alia, defendants' contact information, her regular and overtime rates, and intended allowances claimed – and failed to obtain her signatures acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

40.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

41.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

42.     Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

43.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

44.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

45.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

46.     Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings her NYLL claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

48.     All said persons, including Plaintiff, are referred to herein as the "Class".

49.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP Rule 23.

50.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

51.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

52.     Plaintiff brings this action individually and on behalf of all other and former non- exempt employees who have been or were employed by the Defendants at each of their nail salon locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

53.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

54.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

55.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

56.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

57.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

> a.   Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.  Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

58.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

59.  Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## COUNT I
### (Fair Labor Standards Act – Minimum Wage)

60.  Ms. Sun, on behalf of herself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.  At all relevant times, Defendants employed Ms. Sun and the Collective Action Members within the meaning of the FLSA.

62.     Defendants failed to pay a salary greater than the minimum wage to Ms. Sun and the Collective Action Members for all hours worked.

63.     As a result of defendants' willful failure to compensate Ms. Sun and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate the FLSA 29 U.S.C. § 201 et seq., including 29 U.S.C. § 206.

64.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65.     Due to defendants' FLSA violations, Ms. Sun and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (New York Labor Law – Minimum Wage)

66.     Ms. Sun repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67.     At all relevant times, Ms. Sun was employed by defendants within the meaning of the New York Labor Law, §2 and 651.

68.     Defendants willfully violated Ms. Sun's rights by failing to pay her compensation in excess of the statutory minimum wage in violation of the New York Labor Law § 190-199, § 652 and their regulations.

69.     Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70.     Due to defendants' New York Labor Law violations, Ms. Sun is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
### (Fair Labor Standards Act - Overtime)

71.     Ms. Sun, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.     At all relevant times, defendants employed Ms. Sun and each of the Collective Action Members within the meaning of the FLSA.

73.     At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74.     As a result of defendants' willful failure to compensate their employees, including Ms. Sun and the Collective Action Members, at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and 215(a).

75.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

76.     Due to defendants' FLSA violations, Ms. Sun and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT IV
### (New York Labor Law - Overtime)

77.     Ms. Sun repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78.     At all relevant times, Ms. Sun was employed by defendants within the meaning of the New York Labor Law, § 2 and § 651.

79.     Defendants willfully violated Ms. Sun's rights by failing to pay her overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law § 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146-1.4.

80.     Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.     Due to defendants' New York Labor Law violations, Ms. Sun is entitled to recover from defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V
### (New York Labor Law – Spread of Hours)

82.     Ms. Sun repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83.     At all relevant times, Ms. Sun was employed by defendants within the meaning of the New York Labor Law, § 2 and § 651.

84.     Defendants willfully violated Ms. Sun's rights by failing to pay her an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law § 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

85.     Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86.     Due to defendants' New York Labor Law violations, Ms. Sun is entitled to recover from defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, § 652 and § 663(1).

## COUNT VIs
### (New York Labor Law – Unlawful deductions)

87.     Ms. Sun repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

88.     At all relevant times, Ms. Sun was employed by defendants within the meaning of the New York Labor Law, § 2 and § 651.

89.     Ms. Sun was required to incur various expenses on behalf of defendants in the course of her employment.

90.     Defendants failed to reimburse Ms. Sun for these expenses.

91.     These failures to reimburse Ms. Sun constitute de facto deductions from wages.

92.     These de facto deductions were not for the benefit of Ms. Sun and are not among the legitimate deductions authorized by New York Labor Law § 193.

93.     Moreover, these unreimbursed expenses brought Ms. Sun's wages below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c) and New York Labor Law § 652.

94.     As a result, defendants have violated New York Labor Law.

95.     These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law §198, § 663 and supporting regulations.

96.     Due to defendants' New York Labor Law violations, Ms. Sun is entitled to recover from defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.


**COUNT VII**
**(Violation of New York Labor Law—Time of Hire Wage Notice Requirement)**

97.     Ms. Sun re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance

with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

99.     Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, togethis with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII
### (Violation of New York Labor Law—New York Pay Stub Requirement)

100.    Ms. Sun re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

101.    The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

102.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

103.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court grant the following relief:

a.      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Ms. Sun and her counsel to represent the Collective Action members;

b.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.      An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.      A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.      Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.      An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.      Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.      Damages for defendants' illegal retention of a portion of employee tips;

i.      Compensation for monies deducted from plaintiff's pay via unreimbursed expenses in violation of New York Labor Law;

j.      Liquidated damages for defendants' New York Labor Law violations;

k.      Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

l.      Back pay;

m.      Punitive damages;

n.      An award of prejudgment and postjudgment interest;

o.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

p.      Such other, further, and different relief as this Court deems just and proper.


Dated:          Flushing, New York
                November 20, 2018

                                Hui Chen and Associates, P.L.L.C.

                                _/s/ Hui Chen_____
                                By:  Hui Chen, Esq.
                                136-20 38th Ave., Suite 9E
                                Flushing, NY 11354
                                Tel:  (718) 463-2666
                                Email: hui.chen@alum.cardozo.yu.edu
                                *Attorneys for Plaintiff(s)*