**HUI CHEN & ASSOCIATES, PLLC**
COUNSELLORS AT LAW
136-20 38ᵀᴴ AVENUE
FLUSHING, NY 11354
---
TELEPHONE: (718) 463-2666
TELECOPIER: (718) 463-2555
E-MAIL: hui.chenlawoffice@gmail.com

HUI CHEN*
NATELLA VINNIKOV*
YAOYU LIU
---
CHEN CHEN
---

*ALSO ADMITTED IN NEW JERSEY
*NEW YORK (ADMISSION PENDING)

MANHATTAN OFFICE
481 8ᵀᴴ AVENUE, SUITE 509
NEW YORK, NY 10001
---
writer's e-mail:
yaoyuliu.esq@gmail.com

Honorable Judge Gary R. Brown
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

August 19, 2019

Dear Judge Brown:

**Re:    Joint Letter Motion Requesting Court Approval of Settlement Agreement**
**Mengni Sun v. Liya Nail & Allen Nails, et al. 18-cv-6609**

This firm is counsel to the Plaintiff in the above-referenced action. I write, with the consent of counsel for the defendant Aillen Nail & Spa Inc.[1], to respectfully request the Court's approval of the parties' negotiated Settlement Agreement and Release (the "Settlement Agreement") herein attached as **Exhibit A.** For the reasons set forth below, the Parties respectfully request that the Settlement Agreement be approved pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015) and be found to be fair and reasonable in accordance with the factors set forth in *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

**I.     Background**

Plaintiff alleges that she worked for Defendant Aillen Nail & Spa Inc. as a nail technician from December 21, 2017 to March 25, 2018.

This lawsuit was originally filed on November 19, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiff alleged that pursuant to the FLSA, she is

---

[1] Plaintiff named ------- in her complaint. (Dkt. No. 1.) Only Defendant Aillen Nail & Spa Inc. appeared. Defendants _____ are in default.

1

entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and (4) attorney's fees and costs. Plaintiff further alleges that pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that she is entitled to recover from the Defendants: (1) compensation for wages paid at less than the statutory minimum wage; (2) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law § 650 et seq. and supporting New York State Department of Labor regulations; (3) liquidated damages equal to the sum of unpaid minimum wage, unpaid "Spread of Hours" premium; (4) up to Five Thousand Dollars ($5,000) per Plaintiff for Defendants' failure to provide wage notice at the time of hiring; (5) up to Five Thousand Dollars ($5,000) per Plaintiff for Defendants' failure to provide paystubs in violation of the New York Labor Law § 195.3; (6) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act; (7) 9% simple prejudgment interest provided by NYLL; (8) post-judgment interest; and (9) attorney's fees and costs.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total back wage of $5,509.00, the amount of Twelve Thousand Dollars ($12,000.00) (inclusive of Plaintiff's legal fees) is fair and reasonable, and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that she was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit A.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of her employment, the nature of her work, the hours she worked, and the pay she received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff Mengni Sun claimed that she worked approximately seventy (70) hours on average each week from June 1, 2016 to December 20, 2017; and she was paid a flat daily wage ranges from $30 to $65 per day. During this period, Plaintiff worked five days per week. Plaintiff work approximately fifty-nine and twenty (59.20) hours per week during this period.

From December 21, 2017 to March 25, 2018, Plaintiff was paid a flat wage of $75 per day. During this period, Plaintiff worked five days per week. Plaintiff work approximately fifty-nine and twenty (59.20) hours per week during this period.

Plaintiff Mengni Sun's overtime compensation and minimum wage short-fall without liquidated damages under the FLSA was Six Thousand Five Hundred Sixteen dollars and Forty-two Cents ($6,516.42) and his minimum wage, overtime compensation and spread-of-hour shortfall under the NYLL was Twenty-one Thousand and Seventy-two dollars and Forty-six Cents ($21,072.46). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, is Fifty-two Thousand and One Hundred and Forty-four Dollars and Ninety-one Cents ($52,144.91).

Plaintiff's Damages Calculation is attached hereto as Exhibit B.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendant AILLEN NAIL & SPA INC. agreed to settle for the proposed settlement amount of Twelve Thousand Dollars ($12,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Position

Defendant AILLEN NAIL & SPA INC. denies the allegations asserted by Plaintiff against AILLEN NAIL & SPA INC., and specifically deny any potential liability. Defendant AILLEN NAIL & SPA INC. also produce some attendance and pay records that it claims would corroborate its defenses. Particularly, Defendant AILLEN NAIL & SPA INC., purchased the subject Nail Salon from Defendant LI YA NAIL SPA INC. on December 26, 2017. AILLEN NAIL & SPA INC. thus shall only be subjected to the cause of actions arose after December 26, 2017.

Considering Plaintiff's brief employment period with AILLEN NAIL & SPA INC. The cost of litigation will surely and quickly surpass any potential liability Defendant may face at trial.

### III.   The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Twelve Thousand Dollars ($12,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Nine Hundred and Ten Dollars ($910.00). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Eleven Thousand and Ninety Dollars ($11,090.00).

Of the Net Settlement Amount, One Third (1/3), or Three Thousand Six Hundred and Ninety-six Dollars ($3,696.00), is due to Plaintiff's attorneys, Hui Chen & Associates, PLLC, in addition to out-of-pocket expenses of Nine Hundred and Ten Dollars ($910.00) for a total of Four Thousand Six Hundred and Six Dollars ($4,606.00). Of the Net Settlement Amount, Two Thirds (2/3), or Nine Thousand Two Hundred and Fourteen Dollars ($9,214.00) is due to Plaintiff. In this calculation, Hui Chen & Associates, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Hui Chen and Associates, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| **Hui Chen & Associates, PLLC** | **HANG & ASSOCIATES, PLLC** |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| /s/ Hui Chen | /s/ Jian Hang |
| Hui Chen, Esq. | Jian Hang, Esq. |
| 136-20 38th Avenue | 136-20 38th Avenue, Suite 10G |
| Flushing, NY 11354 | Flushing, New York 11354 |