UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MENGNI SUN,

                Plaintiff,                **REPORT AND RECOMMENDATION**

    -against-                                18-cv-6609 (JS)(SIL)

LI YA NAIL SPA, INC. d/b/a LI YA NAIL SPA,
AILLEN NAIL & SPA INC d/b/a BAI LI NAIL,
Jane Doe a/k/a Lily Gao, John Doe and
Jane Doe #1-10

                Defendants.
-------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation, is Plaintiff Mengni Sun's ("Plaintiff" or "Sun") Motion for Default Judgment. *See* Docket Entry ("DE") [30]. By way of Complaint filed on November 19, 2018, Plaintiff commenced this action alleging that Defendants have committed widespread violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL"), by engaging in a pattern and practice of failing to pay their employees overtime compensation. *See* Complaint ("Compl."), DE [1]. Defendant Aillen Nail & Spa Inc. filed an Answer to the Complaint on January 8, 2019. See Answer ("Ans."), DE [12]. After Defendant Jane Doe a/k/a Lily Gao ("Defendant" or "Gao") failed to appear or otherwise defend this action, the Clerk of the Court entered default against her on September 20, 2019. *See* DE [29]. On October 21, 2019, Plaintiff filed the instant motion, which Judge Seybert referred to this Court for a Report and

1

Recommendation. *See* Order Referring Motion, dated October 23, 2019. For the following reasons, the Court respectfully recommends that Sun's motion be denied.

## I. BACKGROUND

Plaintiff, a resident of Queens County New York, was employed as a nail salon technician by Defendant Li Ya Nail Spa, Inc. from June 1, 2016 to December 20, 2017. Compl. ¶¶ 7-8. Plaintiff was thereafter employed by Defendant Aillen Nail & Spa, Inc. from December 21, 2017 to March 20, 2018. *Id.* at ¶ 9. At all relevant times, both of these defendants were businesses engaged in interstate commerce and earned gross annual sales over $500,000. *Id.* at ¶¶ 11-12, 16. Individual Defendants Jane Doe a/k/a Lily Gao, John Doe, and Jane Doe #1-10 are the owners, officers, directors, managing agents, and/or majority shareholder of Li Ya Nail Spa. *Id.* at ¶ 21. Individual Defendants John Doe and Jane Doe #1-10 are the owners, officers, directors, managing agents and/or majority shareholders of Aillen Nail & Spa, Inc. *Id.* at ¶ 23.

Plaintiff now moves for entry of a default judgment against Gao for: (1) a permanent injunction preventing Defendant from withholding the payment of overtime compensation due to Plaintiff; and (2) a permanent injunction preventing Defendant from withholding the payment of "spread of hours" compensation due to Plaintiff. *See* [Proposed] Default Judgment ("Proposed Order"), DE [30-3], 2. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for default judgment be denied.

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court[,]" and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015),

3

*report and recommendation adopted,* 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citation omitted).

### III. DISCUSSION

#### A. Liability

Plaintiff has alleged various causes of action against Defendant. As a threshold matter, Plaintiff claims that Defendant is liable as her "employer." *See* Compl. ¶¶ 21-22. Therefore, the Court must analyze whether Defendant is an "employer" under the FLSA and NYLL.

##### i. FLSA

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). To determine whether an individual is an "employer" under the FLSA, the Second Circuit utilizes the economic realities test, which focuses on four factors—"whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-105 (2d Cir. 2013); *see also Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018). No one factor is dispositive. *Id.* at 61 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). In

4

addition, the analysis depends on whether the defendant had "operational control" over employees. *Irizarry*, 722 D.3d at 110. Operational control requires that "the relationship between the individual's operational function and the plaintiffs' employment must be closer in degree than simple but—for causation." *Id*.

Plaintiff has not alleged facts sufficient to warrant a finding that Gao is an employer under the FLSA. Plaintiff alleges that Gao controlled Plaintiff's schedule to commute to and from work by requiring Plaintiff to take the company shuttle to arrive to work at 8:40 a.m. and return home at 8:30 p.m. *See* Compl. ¶ 31. Beyond this, however, Plaintiff does not demonstrate that Gao had the power to hire or fire employees, that she determined the rate and method of payment, or that she maintained employment records for Li Ya Nail Spa. As such, only one of the four factors demonstrates that Gao had any "operational control" over the employees. Given that no one factor of the economic realities test is dispositive, *Tapia* at 61, *Herman* at 139, Plaintiff has not provided sufficient evidence to prove that Gao had operational control over Plaintiff and could be considered Plaintiff's employer. *See Tapia* at 62 (finding no clear error District Court's holding that the Defendant was not an employer when only one factor "is even partially satisfied.") (quoting *Tapia v. Blch 3rd Ave. LLC*, 2016 WL 4581341, at *8 (Sept. 1, 2016)).

    ii.    NYLL

The NYLL is the "state analogue to the federal FLSA," *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011), and their definitions of "employment" are nearly identical. *See Juarez v. Precision Apparel, Inc.*, No. 12-cv-2349, 2013 WL

5

5210142, at *7 (E.D.N.Y. Sept. 13, 2013). Accordingly, for the reasons set forth above, the Court recommends that Gao cannot be deemed an employer under the NYLL as well.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for default judgment be denied.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Plaintiff is directed to serve a copy of it on Defendant via first-class mail and file proof of service by ECF within three days of the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           April 30, 2020

                                                /s/ Steven I. Locke
                                                STEVEN I. LOCKE
                                                United States Magistrate Judge